ELIZABETH WALKER, petitioner-respondent,

*v.*

HERBERT WALKER, defendant-appellant.

[Argued February 7th, 1935.   Decided May 17th, 1935.]

*Eleanor Lowenstein Zoob (Mr. Ralph E. Lum,* on the brief), for the appellant.

*Mr. Charles H. Walker,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The advisory master filed written conclusions, which apparently are not reported, and need not be reprinted here as they deal with a number of matters not involved in the present appeal.

The suit was for limited divorce and maintenance, on the ground of desertion.  The advisory master awarded a decree in favor of the wife, petitioner, and on the divorce issue there is no appeal.  The decree was dated August 28th, 1934, and the appeal attacks the portion of the decree which directs that an order made in the cause on January 31st, 1931, be

modified, so that the defendant be ordered to pay the petitioner, or to her solicitor, the sum of $10 per week payable weekly starting February 7th, 1934, for her further maintenance and support until the further order of the court.

The gravamen of the appeal is that on the settlement of previous litigation in which property interests of the parties and their children were involved (*Walker* v. *Walker Realty Co., Walker* v. *Arlington Realty Co., 103 N. J. Eq. 300*), there was a lump sum agreement fixing alimony at $5,200, which was expressly approved by the court as relieving the husband from all further liability for alimony or maintenance. This is the order of January 31st, 1931.

Appellant does not question the general rule that alimony remains perpetually subject to judicial modification as intimated by the advisory master, citing *Baumgarten* v. *Baumgarten, 107 N. J. Eq. 274;* see *Second National Bank* v. *Curie* (in this court), *116 N. J. Eq. 101*. But the distinction here attempted to be made is that the $5,200 agreement—which sum by the way was not paid in cash but by credit and set-off in the general settlement—was part of that general settlement also dated January 31st, 1931, to which others were parties, and that the alimony question cannot be opened now without bringing them all in again as parties to the present proceeding. To this the advisory master replied, and we think quite correctly, that the other litigation was purely one of property rights; and that the award of $5,200 was a personal award to the wife in settlement of her alimony claim as it then appeared. The fact that she allowed it to be considered as an item in a property settlement did not deprive it of its essential character. The fact that the stipulation of settlement in the former cause recited that it was annexed to and made a part of a stipulation for $50 a week to run for two years is not, in our judgment, at all controlling. We are unable to see that the children and other parties interested have any such interest in an application to modify alimony in a divorce suit, as requires that they should be made parties thereto. We find no error in the disposition of any of the matters involved in the present appeal, and the decree will therefore be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, BODINE, HEHER, PERSKIE, KAYS, DEAR, JJ. 8.

*For reversal*—CASE, DONGES, VAN BUSKIRK, HETFIELD, JJ. 4.